IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4093-L** |
| | § | |
| **BANK OF AMERICA, N.A.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed on October 17, 2013. After careful consideration of the motion, response, reply, supplemental response, supplemental reply, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.   Background**

On September 27, 2013, Plaintiff Jay Jackson ("Plaintiff") filed a lawsuit in Texas district court alleging that Defendant Bank of America, N.A. ("Defendant") negligently failed to process his loan modification application and supporting documents and initiated foreclosure proceedings without providing the proper notice or opportunity to cure his alleged default. Doc. 1-3. In this lawsuit, Plaintiff seeks a declaratory judgment that Defendant "ha[d] no authority to sell the Property on October 1, 2013[,]" and requests actual damages and attorneys' fees. *Id.* at 5-7. Defendant filed its notice of removal on October 10, 2013, contending that the parties are completely diverse and that the amount in controversy exceeds $75,000. Doc. 1 (citing 28 U.S.C. § 1332). Plaintiff timely moved to remand on the ground that Defendant has not met its burden to demonstrate that the amount in controversy exceeds $75,000. Doc. 7.

**Memorandum Opinion and Order – Page 1**

## II. Legal Standard

### A. Federal Question and Diversity Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States[,]" or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)).

### B. Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of

diversity mandates remand or dismissal of the action. *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled; that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555-56 (5th Cir. 1985). A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance,* 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim exceeds [the jurisdictional amount]." *De Aguilar,* 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is whether it "is more likely than not" that the amount of the claim will exceed the jurisdictional amount. *Allen,* 63

F.3d at 1336. As the United States Court of Appeals for the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance,* 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance,* 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**III.   Analysis**

    **A.   Diversity**

After considering the facts and applicable law, the court is convinced that complete diversity of citizenship exists between the parties. Plaintiff is a citizen of Texas. Defendant is a citizen of North Carolina. Doc. 1 at 2-3. Plaintiff concedes that the parties are diverse. Doc. 7 at 2. As

Plaintiff does not share the same citizenship with Defendant, complete diversity exists between the parties.

### B.    Amount in Controversy

Defendant contends that the amount in controversy exceeds $75,000 because Plaintiff's complaint indicates that it "seeks monetary relief of $100,000 or less[,]" Plaintiff requests both injunctive and declaratory relief, and because Defendant has produced summary judgment evidence that the value of the property is $104,530.  Doc. 1 at 3; Doc. 1-6; Doc. 10 at 4.  Defendant cites Fifth Circuit precedent for the proposition that the amount in controversy in an action seeking declaratory or injunctive relief is measured by the object of the litigation; where the right to particular property is called into question, the value of the property controls the amount in controversy.  Doc. 10 at 3-4 (quoting *Nationstar Mortg., L.L.C. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009)).

Plaintiff contends that neither the amount in controversy stated in his complaint, "$100,000 or less[,]" nor the purported value of the property, $104,530, reflects the amount in controversy.  He states that Rule 47(c)(1) of the Texas Rules of Civil Procedure requires a litigant to include one of five statements regarding damages sought, and that the Rule does not offer a plaintiff the option to plead for damages of $75,000 or less.  Doc. 7 at 3-4.  Plaintiff also contends that he has requested only a temporary restraining order and temporary injunction, so the value of the relief sought cannot be measured as the entire value of the property as it is for lawsuits seeking permanent injunctive relief.  *Id.* at 5-6.

Initially, the paragraph in Plaintiff's complaint stating that he "seeks monetary relief of $100,000 or less and non-monetary relief" merely conforms to Texas Rule of Civil Procedure 47, which requires plaintiffs to select one of five prescribed claims for relief and does not represent a

**Memorandum Opinion and Order – Page 5**

request for a specific dollar amount of damages. "Furthermore, because it requires plaintiffs to state their damage requests in the form of these prescribed, broad ranges, that provision effectively preclude[s] plaintiffs from requesting specific damage amounts." *Oliver v. CitiMortgage, Inc.*, No. 3:13-CV-2566-G, 2014 WL 285218, at *3 (N.D. Tex. Jan. 27, 2014). Therefore, this provision does not alone establish, by a preponderance of the evidence, that the amount in controversy satisfies the jurisdictional minimum. *Id.*

The Fifth Circuit Court of Appeals has repeatedly held that "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation.'" *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Plaintiff concedes this general rule but distinguishes lawsuits that seek to permanently or indefinitely prevent a defendant from selling a property at a foreclosure sale from his situation, in which he "does not seek to set aside the deed of trust, to extinguish [Defendant]'s security interest in the Property, to clear any cloud on title, or to permanently enjoin [Defendant] or any party for that matter from foreclosing on the Property." Doc. 7 at 4-5. Plaintiff contends that the length of the injunction is "crucial" to determine the value of the object of the litigation. *Id.* at 6. He states that "if the injunction is merely temporary and has a definite ending such as in this case, the value of the sought after relief could not be measured as the entire value of the Property as [Defendant] would be free to seek a forced sale of Plaintiff's property – if Plaintiff again defaults – even if Plaintiff were to prevail in this lawsuit." *Id.*

Plaintiff does not cite, and the court has not discovered, any Fifth Circuit or Northern District of Texas cases that stand for the proposition that the amount in controversy depends on the length

of the injunction sought. The Fifth Circuit cases – holding that the amount in controversy in an action seeking declaratory or injunctive relief is measured by the value of the object of the litigation – contain no such temporal limitation. They compel only that, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas*, 737 F.3d at 341 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).

Plaintiff cites an unpublished opinion from the Southern District of Alabama, *Carstarphen v. Deutsche Bank Nat'l Trust Co.*, No. 08-0511-WS-M, 2009 WL 1537861 (S.D. Ala. June 1, 2009), which generally holds that "the temporal scope of the injunctive relief sought is crucial to an assessment of its valuation from [the plaintiff]'s perspective for amount-in-controversy purposes." *Id.* at *5. The Southern District of Alabama does not refer to any precedent for this determination. This court finds more persuasive the conclusion of United States District Judge Reed O'Connor in *Lovett v. HSBC Mortgage Services, Inc.*, No. 3:13-CV-3593-O, 2014 WL 547031 (N.D. Tex. Feb. 11, 2014). The plaintiffs in *Lovett*, represented by the same counsel as Plaintiff in this case, also contended that diversity jurisdiction did not exist because "the length of the requested injunction is crucial to determine the value of the remedy, and only if permanent relief is sought does the entire value of the property count towards the amount in controversy requirement." *Id.* at *2. In her Findings, Conclusions, and Recommendation that was fully adopted by Judge O'Connor, Magistrate Judge Renée Harris Toliver rejected this contention, explaining:

> Plaintiffs, nevertheless, argue that their situation is distinguishable [from Fifth Circuit precedent] . . . because they seek only temporary injunctive relief, not a permanent injunction. Much of the case law in this circuit does involve homeowners

**Memorandum Opinion and Order – Page 7**

> requesting permanent injunctions. There are, however, many cases where the homeowner sought only a TRO, and the court found that the injunctive relief sought brought the entire value of the property into dispute, thus satisfying the amount in controversy requirement . . . In fact, the undersigned has addressed this situation twice before and found that removal was proper both times.

*Id.* at *3 (citations omitted). The court in *Lovett* concluded that the amount in controversy was the appraised value of the property, notwithstanding that the plaintiffs did not seek permanent injunctive relief. *Id.* at *4. The plaintiffs' motion to remand for lack of jurisdiction was therefore denied. *Id.*

This court also agrees with the Southern District of Texas's decision in *Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 WL 5140064 (S.D. Tex. Dec. 10, 2010). In *Govea*, the plaintiffs filed a motion to remand, contending that the amount in controversy was not the value of their home because their request for temporary injunctive relief was "solely to maintain the status quo until the [mortage disputes] are resolved." *Id.* at *2. The Goveas stated that they "merely requested temporary injunctive relief" during the pendency of their lawsuit, distinguishing their case from those where the plaintiff sought a permanent restraining order or injunction. *Id.* at *3. The district court there disagreed. It held that the Goveas' claimed amount in controversy

> does not take into consideration their potential injury had their injunctive requests been denied. The restraining order granted by the state court and the requested injunction, though both temporary in nature, sought to prevent JPMorgan from conducting a non-judicial foreclosure on their property. . . . Consequently, if their request is denied, the Goveas could lose title to the property, a loss that must be taken into consideration in determining the total amount in controversy.

*Id.* The Southern District concluded that "the 'object' of the Goveas' requests for injunctive relief is their property, and that the 'value of the extent of the injury to be prevented' is the amount of their loss if JPMorgan forecloses on the property." *Id.* at *4; *see also Campos v. U.S. Bank Nat'l Ass'n*, No. 4:12-CV-2236, 2012 WL 5828619 at *5 (S.D. Tex. Nov. 13, 2012). That court therefore found

**Memorandum Opinion and Order – Page 8**

that the amount in controversy was the value of the plaintiffs' home, which exceeded the jurisdictional threshold. *Govea*, 2010 WL 5140064, at *4. The Western District of Texas has made the same determination when only temporary injunctive relief was sought. *See Buttelman v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00654-XR, 2011 WL 5155919, at *3-*4 (W.D. Tex. Oct. 28, 2011).

Here, too, the object of the litigation seeking injunctive relief is to prevent Defendant from evicting Plaintiff from the property. If Plaintiff's lawsuit is unsuccessful, his actual loss "would be the title, interest, and possession of property valued at more that $75,000.00." *Azzam v. Wells Fargo Bank, N.A.*, No. H-10-4616, 2011 WL 149350, at *3 (W.D. Tex. Jan. 18, 2011). The amount in controversy is much more than a simple delay in foreclosure; it is the value of Plaintiff's home. That amount has been established to be over the $75,000 threshold. *See* Doc. 1-6. Since the amount in controversy exceeds $75,000 and the parties are completely diverse, Defendant has demonstrated a proper legal and factual basis for removal.

### IV. Conclusion

For the reasons herein stated, the court **concludes** that Defendant has established that complete diversity exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, the court has subject matter jurisdiction and **denies** Plaintiff's Motion to Remand (Doc. 7).

**It is so ordered** this 12th day of June, 2014.

Sam A. Lindsay
United States District Judge